UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-684 AG (PLAx) | Date | July 10, 2015 |
|---|---|---|---|
| Title | KEVIN L. LUCAS v. SELECT PORTFOLIO SERVICING, INC., et al. | | |

Present: The Honorable   ANDREW J. GUILFORD

| Lisa Bredahl | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

**Proceedings:**   **[IN CHAMBERS] ORDER REMANDING CASE**

Plaintiff Kevin L. Lucas filed this case in state court against Defendants Select Portfolio Servicing, Inc.; U.S. Bank, N.A.; and National Default Servicing Corp. ("Defendants"); as well as against JPMorgan Chase Bank, N.A., which has not appeared in the action. Plaintiff alleges several state law violations concerning Defendants' servicing of a home loan secured by a deed of trust. Defendants removed this case to federal court under diversity jurisdiction. Because Defendants have not met their burden of establishing that the amount in controversy exceeds $75,000, the case is REMANDED to state court.

"Federal courts 'jealously' guard their own jurisdiction." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 560 (C.D. Cal. 2005) (citing *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988)). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). In cases involving state law claims, improperly exercising jurisdiction deprives state courts of the opportunity to enforce and interpret state law. This case is an example of the many California homeowners' rights cases hastily removed to federal court by banks that make little effort to establish that more than $75,000 is in controversy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-684 AG (PLAx) | Date | July 10, 2015 |
|---|---|---|---|
| Title | KEVIN L. LUCAS v. SELECT PORTFOLIO SERVICING, INC., et al. | | |

On June 1, 2015, the Court ordered Defendants to show cause why the case should not be remanded for failure to satisfy the amount in controversy requirement. The Court found insufficient Defendants' assertion in its removal papers that because Plaintiff seeks to enjoin foreclosure, the amount in controversy requirement is therefore met. The Court stated:

> Defendants rightly note in the Notice of Removal that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977). But as this Court has previously stated in similar cases, "it is too simplistic to argue that the 'object of the litigation' is the value of the underlying loan." *Olmos v. Residential Credit Solutions, Inc.*, 2015 WL 1240347, at *2 (C.D. Cal. Mar. 17, 2015). This is particularly true where Plaintiff asks not that the Court permanently prevent a foreclosure, but rather that it prevent a foreclosure "until [Defendants] have honored and proven that all statutory requirements stemming from and relating to Plaintiff's options to avoid foreclosure have been met." (Complaint at 17:15-17.)
>
> Defendants misguidedly point out that Plaintiff seeks a "permanent" injunction. But in this context, the word "permanent" doesn't mean unending. Rather, it is a term of art referring to an injunction issued after a trial on the merits. *See* Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2941 (3d ed. 2013). Beyond pointing to the word "permanent," Defendants fail to produce evidence that Plaintiff seeks an unending injunction—or that such an injunction is a possible remedy for the harm alleged in the complaint.

In response to the OSC, Defendants argue that Plaintiff does indeed seek to enjoin foreclosure indefinitely. They point to Plaintiff's prayer for relief where, according to Defendants, he requests an injunction "prohibiting Defendants from engaging in unlawful and deceptive acts and practices of foreclosing on property of . . . Plaintiff . . . when anticipated recovery through a modification or workout plan exceeds anticipated recovery through foreclosure on a net present value basis." (Response, Dkt. No. 11, at 2:4-6.) Defendants argue that positive results on a net present value test do not guarantee a loan modification, and that if they decline to offer a loan modification despite positive results on a net present value test, the effect of Plaintiff's desired injunction would be to permanently prevent foreclosure. The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-684 AG (PLAx) | Date | July 10, 2015 |
|---|---|---|---|
| Title | KEVIN L. LUCAS v. SELECT PORTFOLIO SERVICING, INC., et al. | | |

is unconvinced.

Tellingly, Defendants omit with ellipses a portion of Plaintiff's cited prayer for relief that says "without considering [Plaintiff] for [sic] *within their guidelines*." (Complaint, Dkt. No. 1-6, at 17:25-26 (emphasis added).) When that clause is properly included, Plaintiff appears to ask the Court merely to prevent foreclosure until Plaintiff's application for a loan modification is fully reviewed. Not only is this reading more consistent with the complaint as a whole, but it is also more consistent with the remedies available under California's Homeowners Bill of Rights. Thus the Court disagrees with Defendant that Plaintiff's request for injunctive relief places the value of the entire property at issue. Defendants must show more to meet their burden, and they fail to do so.

In sum, Defendants have not met their burden of showing that the amount in controversy requirement is satisfied. This case is REMANDED.

:   0

Initials of Preparer